By the Court.—Curtis, J.
The plaintiff sues to recover damages for injuries to his horses and carriage, used under a license to carry passengers for hire.
On March 8, 1870, the team was standing about eight feet west of defendants’ railroad track, in Chat-ham-square, in the city of New York, in charge of a driver in plaintiff’s employment, with the door of the coach next to the track open. The driver was standing by the door ■ of the coach, not having the reins in his *520 hands, and reading a newspaper. The defendants, for the purpose of keeping their track clear of snow, were in the habit of using a snow-plow, which threw the snow from the track the distance of from six to fifteen feet. This machine made considerable noise, and was visible some two hundred feet from where plaintiff’s team was standing, as it approached. As it passed by the plaintiff’s carriage, it frightened the horses, and threw mud into the open door of the carriage. The driver did not discover its approach until then. One of the horses sustained an injury in its flight, and the carriage was broken. The blue cloth lining of the carriage was stained with mud.
The law imposes the duty upon every one, when on a public thoroughfare, to use reasonable care, and for this purpose to use their senses. When a driver de- - liberately directs his mind, eyes and ears to the perusal of a newspaper, releases all hold upon the horses under his charge' and attached to his vehicle, and that, too, when standing unfastened alongside of a railroad track that is being cleared of snow by a plow, of the approach of which he is heedlessly regardless and unconscious, it would seem to furnish strong ground for his being nonsuited in an action brought to recover damages (Barker v. Savage, Ct. of App., not reported, see opinion, Grover, J.).
In view of the negligence on the part of the driver contributing to the' accident, and which the most ordinary care and watchfulness on his part might have i avoided, the court properly refused to submit to the jury all claim of the plaintiffs for damages, by reason of the injury to the horses, and the breaking of the' carriage, but submitted to the jury the question whether the damage done to the inside of plaintiff’s coach was done by reason of the defendants’ negligence, and instructed them if it was, the plaintiff was entitled to recover the amount of such damage. It is not easy to *521 see why the same principle will not apply to this claim as to the other.
It went to the jury, who found negligence, and assessed the plaintiff’s damages therefor at six cents. The plaintiff testified he thought the damage done inside of the carriage was about eighty dollars. His witness, a carriage-maker, testified, that by reason "of its being stained, to replace it with a new lining would cost not less than fifty or sixty dollars. But as it appeared that the lining was only stained, and had never been replaced, but was used as it was, the jury did not assess damages based on the cost of a new lining, but for a trivial amount, possibly their estimate of the expense of cleaning the lining. However it may be, there does not appear to be any just cause for disturbing the verdict of the jury. Upon looking through the case, it is apparent that even in the event óf a new trial being granted, it would be a most favorable view for the plaintiff if the court did not dismiss his complaint on the ground of his negligence.
The judgment appealed from, and the order denying plaintiff’s motion for a new trial, should be affirmed.